AO 106 (Rev. 04/10) Application for a Search Warrant

AUTHORIZED AND APPROVED/DATE:   Jason Harley 11/13/23

# UNITED STATES DISTRICT COURT

for the

Western District of Oklahoma

| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
|  | ) Case No. M-23- *935* -AMG |
| a blue Apple iPhone 12 pro max, serial number HH6KV1480D42 currently located at FBI Oklahoma City, 3301 W. Memorial Road, Oklahoma City, Oklahoma | ) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the ___Western District___ District of _____Oklahoma_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
| --- | --- |
| 21 U.S.C. § 846 | Drug Conspiracy |
| 21 U.S.C. § 841 | Possession with Intent to Distribute Cocaine |

The application is based on these facts:

See affidavit of FBI TFO Jae Kang.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

JAE KANG, TFO, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __11/13/23__

_____
*Judge's signature*

City and state:  Oklahoma City, Oklahoma

AMANDA MAXFIELD GREEN, U.S. Magistrate Judge
*Printed name and title*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF OKLAHOMA

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Inspector Jae Kang, Task Force Officer (TFO) of the Federal Bureau of Investigation (FBI), United States Department of Justice, being duly sworn, depose and state as follows:

### Introduction and Agent Background

1.     I have been employed with the Oklahoma City Police since March of 1995.  I have been a Task Force Officer with the FBI since March 2005.  I am currently assigned to the Oklahoma City Division, where I have been involved in a wide variety of investigative matters, including numerous investigations targeting large criminal enterprises, most of which involved the unlawful distribution of narcotics in violation of 21 U.S.C. §§ 841(a)(1) and 846. As part of my investigative experience as an FBI TFO, I have executed search and arrest warrants, conducted physical surveillance, coordinated controlled purchases with confidential sources, analyzed records documenting the purchase and sale of illegal drugs, and spoken with informants and subjects, as well as other local and federal law enforcement officers, regarding the manner in which drug distributors obtain, finance, store, manufacture, transport, and distribute their illegal drugs.

2.      As part of my tenure while both assigned and in support of the FBI, I was trained on the use and procedures for Title III (T-III) wiretaps, including the monitoring of calls and making determinations regarding pertinent/non-pertinent calls, privileged calls, and minimization of calls. Additionally, I have been involved in multiple T-III investigations as well as performed a variety of duties during the course of federal wiretaps. These duties include but are not limited to monitoring calls and making determinations regarding pertinent/non-pertinent calls, privileged calls, and minimization of calls. Lastly, as part of my training and experience, I have become familiar with how drug dealers often use coded language to discuss drug transactions in attempts to disguise the true nature of those transactions. In light of this training and experience, I know the following:

      a. I am aware of the methods in which drug couriers and people associated with drug trafficking organizations (DTOs) often use electronic devices, including computers, tablets, cell phones, and other electronic storage devices, to communicate and execute electronic transactions which can, in turn, create automatic records and documentation of the transactions;

      b. I am aware that that it is particularly common for individuals engaged in the sale and distribution of illegal drugs and to use electronic devices to track and document financial transactions;

c. I am aware that individuals engaged in drug trafficking will often maintain more than one cell phone or electronic device, and that they will frequently keep contact information and other evidence of their financial dealings with DTOs on cellular phones, computers, tablets, and other storage devices and that they often keep such electronic devices on or near their person.

d. I am aware that drug traffickers use their cellphones and other electronic devices to execute financial transactions through banks, financial institutions, and peer-to-peer mobile payment platforms in furtherance of their drug trafficking.

3.     I am submitting this Affidavit in support of a search warrant authorizing a search of **a blue Apple iPhone 12 pro max**, **serial number HH6KV1480D42 (Subject Device)**, as further described in **Attachment A**, which is incorporated into this Affidavit by reference.  The Subject Phone is currently in evidence at the FBI Oklahoma City office and within the Western District of Oklahoma. I am submitting this Affidavit in support of a search warrant, which would authorize the forensic examination of the **Subject Device** for the purpose of identifying electronically stored data that is particularly described in **Attachment B**, which constitute instrumentalities, evidence, and fruits of violations of 21 U.S.C. § 841 and 21 U.S.C. § 846.  The

requested warrant would also authorize the seizure of the items and information specified in **Attachment B**.

4.      Based on my training, experience, and the facts set forth in this Affidavit, there is probable cause to believe that violations of 21 U.S.C. § 841 and 21 U.S.C. § 846 have been committed by Carlos Angel Villanueva (VILLANUEVA) and others. There is also probable cause to search the property described in **Attachment A** for instrumentalities, evidence, and fruits of these crimes, as described in **Attachment B**.

5.      Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant. The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and review of documents and records.

### Probable Cause

6.      On November 1, 2023, members of the FBI Task Force were conducting an operation to arrest Carlos VILLANUEVA, aka "Chuco," pursuant to a federal arrest warrant issued in this district for distribution of 500 grams or more of cocaine in the Western District of Oklahoma. Officers

and agents have been conducting surveillance on VILLANUEVA since at least October 2022 when they started conducting controlled purchased of cocaine from him.

7.     At approximately 2:00 p.m., agents. using electronic and physical surveillance, observed VILLANUEVA walking out of the garage of a residence located at 10029 SW 23rd street, Yukon, Oklahoma. VILLANUEVA then walked directly to a black chevy truck that law enforcement has seen VILLANUEVA drive on numerous occasions throughout this investigation. VILLANUEVA entered the driver's side of the truck and was the sole occupant of the truck. VILLANUEVA departed from the residence and law enforcement continued surveillance until VILLANUEVA was eventually stopped by an Oklahoma City Police (OCPD) officer near Morgan Road in Yukon, Oklahoma. After stopping the vehicle, OCPD placed VILLANUEVA under arrest pursuant to the federal arrest warrant.

8.     OCPD Sgt. Boxwell and Officer Sader assisted at the traffic stop by calling for a wrecker to impound the black chevy truck following the arrest. Puckett's wrecker service eventually arrived at the location of the stop. Sgt. Boxwell then conducted an inventory search of the truck in the presence of the wrecker driver prior to the truck being loaded onto the wrecker. During that inventory search, Sgt. Boxwell located a red toolbox in the rear passenger seat. Inside that toolbox, Sgt. Boxwell discovered brick like packages that were

wrapped in green plastic. Sgt. Boxwell also located three (3) cellular phones to include the **Subject Device** and a brown Louis Vuitton bag.

9.      Your affiant and FBI Special Agent Marc Jones then arrived at the traffic stop to assist the OCPD officers. The brick-like packages that Sgt. Boxwell located inside the toolbox were the same type of packages that law enforcement had seized October 30, 2023 from Deston Miller. On October 30, 2023, FBI agents and officers were conducted surveillance on VILLANUEVA and observed Mr. Miller meet VILLANUEVA at VILLANUEVA'S residence. After Mr. Miller departed the residence, he was stopped by OCPD for a traffic stop and they learned that he was driving without a license or insurance. Following Mr. Miller's arrest for those violations, OCPD located approximately one (1) kilogram of compressed cocaine inside the vehicle.

10.      Following VILLANUEVA's arrest on November 1, 2023, your affiant and SA Jones took custody of the eight brick like package taken from VILLANUEVA's car as well as the three (3) cell phones, including the **Target Device**, and the Louis Vuitton bag. Once the brick like packages were opened, law enforcement discovered a white powdery substance that field tested positive for cocaine. The total package weight of the cocaine bricks was approximately 9.626 kilograms.

11.      Based upon my training and experience, I am aware that individuals involved in trafficking illegal drugs often use cell phones to

maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal drugs. Such cell phones and their associated memory cards commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities of drug trafficking offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, and videos.

12. Based on my training and experience, I know that individuals involved in trafficking illegal drugs often take and store photographs of controlled substances and the proceeds of drug sales, and usually take and store these photographs using their cell phones. I also know from training and experience that evidence of financial transactions conducted in furtherance of drug trafficking will often be found on a suspect's cell phone.

13. Based on my training and experience, I know that electronic devices like the **Subject Device** can store information for long periods of time, even years. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the electronic device. This information can sometimes be recovered months or years later using readily available forensic tools. This is true even if the user of the electronic device deleted the file. This is so because when a person "deletes" a file on a computer or electronic device, the data contained in the file does not actually disappear;

rather, the data remains on the storage medium until it is overwritten by new data.

14.     Based on the above information, there is probable cause to believe that violations of 21 U.S.C. § 841 and 21 U.S.C. § 846 have occurred, and that evidence, fruits, and instrumentalities of these offenses are located on the **Subject Device**.   Therefore, I respectfully request that this Court issue a search warrant for the **Subject Device**, described in **Attachment A**, authorizing the seizure of the items described in **Attachment B**.

15.     Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **Subject Device** consistent with the warrant. The examination may require law enforcement to employ techniques, including but not limited to computer-assisted scans of the entire medium, which might expose many parts of the **Subject Device** to human inspection in order to determine whether it is evidence described by the warrant.

16.   Because the warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

Respectfully submitted,

JAE KANG
Task Force Officer
Federal Bureau of Investigation

SUBSCRIBED AND SWORN to before me this 13th day of November, 2023.

AMANDA MAXFIELD GREEN
United States Magistrate Judge
Western District of Oklahoma

## ATTACHMENT A

The property to be searched is a blue Apple iPhone 12 pro max, serial number HH6KV1480D42 (**Subject Device**). The **Subject Device** currently located at FBI Oklahoma City, 3301 W. Memorial Road, Oklahoma City, Oklahoma. A photo of the **Subject Device** is below. This warrant authorizes the forensic examination of the **Subject Device** for the purpose of identifying the electronically stored information described in **Attachment B**.



## ATTACHMENT B

1.   All records on the **Subject Device** described in **Attachment A** that relate to violations of 21 U.S.C. § 841 and 21 U.S.C. § 846 that involves **VILLANUEVA,** and other co- conspirators, from October 1, 2022, through November 1, 2023, including but not limited to:

    a.  lists of customers and co-conspirators and related identifying information;

    b.  communications and evidence of communications, including but not limited to call logs, voicemails, text messages, multimedia messages, emails, and messages sent through applications, between the user of the **Subject Device** and customers and co- conspirators;

    c.  types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    d.  any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

    e.  any information recording **VILLANUEVA's** schedule or travel, including but not limited to location information; and

    f.  all bank records, checks, credit card bills, account information, and other financial records.

2.   Evidence of user attribution showing who used or owned the **Subject Device** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3.   As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.